Per Curiam.

We are clear, that Samuel Robinson did not gain a settlement in Rutland. If he did gain one, it must be under one of the two statutes. He did not acquire it under the statute of 1789, and this is not contended; but it is said that the two statutes are to be taken together ; that the residence under the statute of 1789 is a part of the residence un» der the statute of 1793. This position cannot be maintained. It is true that statutes in pari materia are to be construed together: as, if a provision in one statute receives a judicial construction, and it is inserted in another, the same construction would be given to it; but where the clause varies, it shows a different intention in the legislature. The legislature did not mean, that a residence of a year and five months, under the statute of 1789, should make a part of the three years required by the statute of 1793.
The statute of 1793 does not interfere with vested rights. If Samuel Robinson had acquired a settlement under the statute of 1789, there would have been ground for the objection. There can be no question of the power of the legislature to pass the statute of 1793. As to the construction of it, the defendants say, that it is not in the future tense. But we must give it this construction, otherwise it would confer an immediate settlement on a person who had lived in any town three years next preceding the passing of the statute. But it is admitted by the counsel that if there had been no act previous to *160 the statute of 1793, this statute would not confer a settlement in the present case. The only ground assumed was, that it should be referred to the statute of 1789. Had the legislature chosen to say so, they might; but they have made no saving, except where a settlement had been actually gained.
Judgment must therefore be entered for the plaintiffs.[1]

 See Boston v. Wells, 14 Mass. R. 384; Charlestown v. Boston, 13 Mass R. 469; Groton v. Boxborough, 6 Mass. R. 54; Mansfield v. Pembroke, 5 Pick. 449.